ISAAC P. FINK v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. When the ratification of an assessment of damages of the land-owner vests in the city a right, at its will, to enter upon the land and possess it as a street, such a right constitutes a taking, within the sense of the constitutional provision forbidding the taking of private property for public use without compensation.

2. When land is so taken, provision must be made for the payment of such damages within a reasonable time.

3. The charter and supplements of Newark do not postpone the right of

suit for the recovery of these damages until the assessment for benefits shall have been made; but if such latter assessment be made and ratified before the trial of the suit for damages, such latter assessment may be proved and will constitute a payment *pro tanto*.

4. Interest will be allowed on the damages from the time the right of action accrues; but if during this interim the land-owner has used beneficially the land condemned, the value of such use will be taken into the account.

Suit to recover an assessment of damages made by the commissioners appointed under the charter of Newark to estimate damages for lands taken for the opening of Bergen street, &c., and for interest thereon from six months after the ratification of said assessment.

When suit was commenced, no assessment for benefits had been made, and none, when the case was tried, had been ratified or confirmed.

No ordinance to grade, or other proceeding in relation to working said street, had been taken or passed, and, with the exception that some of the fences had been set back by the property-owners, the land remained in the same general condition as when the damages were assessed.

The remaining lands of the plaintiff are liable to an assessment for whatever benefits they may have received on account of said opening.

Argued at November Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *F. B. Allen, W. H. Francis* and *John W. Taylor.*

For the defendants, *Henry Young.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The defence in this case is rested on the position, that by force of the existing laws appertaining to the city of Newark, an assessment for dam-

ages made for land taken in the opening of a public street is not a debt past due, so as to be the subject of a suit, until after an assessment for benefits has been made and ratified. Whether this view is well founded depends on the construction to be put on sundry legislative acts.

Under the revised charter of the city of Newark, approved March 11th, 1857, (*Pamph. L., p.* 163,) the common council was authorized to appoint commissioners to assess damages for lands taken for the opening of streets, &c., and for the benefits conferred by such opening. These commissioners were to certify this assessment to common council, which assessment was declared, when ratified by that body, to be binding and conclusive upon the land-owner, subject to an appeal by him to the Supreme Court; a right of suit being given for the recovery of the amount so assessed and ratified or finally awarded on the appeal. By a provision in a supplement to said charter, approved February 20th, 1868, (*Pamph. L., p.* 74,) these awards for damages were made payable in six months from the date of the ratification of the same, unless the common council should sooner take possession of the lands, and, in that case, the awards were made payable from the date of such possession.

If there had been no further legislation on this subject than the foregoing, it is plain that the present suit would be unobjectionable, for the damages in this case have been duly assessed and confirmed, and more than six months have elapsed since such ratification. But it is section seven in the supplementary act, approved March 7th, 1873, which has given rise to this litigation, and which is in these words, to wit:

"That in case any assessment for benefits has been or shall be hereafter made in connection with any improvement, in the prosecution of which an award for damages has been or shall be made, the said award shall not be payable (except as is hereinafter mentioned) until the assessment for benefits has been ratified by the common council, and only the difference between the same shall be payable to or by (as the case

may be) the owner at the time of such settlement, of any lot or premises so assessed, and interest upon such award for damages shall commence on the date of the ratification of said assessment for benefits; in case the city shall have taken possession of said lands and premises before the date of said ratification for benefits, said award shall be payable, and said interest commence on the date of said possession."

The argument of the counsel of the defendant, founded on this act, is, that the damages and interest embraced in this suit are not yet payable, inasmuch as the assessment for benefits has not been ratified, the city authorities not having taken possession of the premises in question. The proposition impliedly involved in this contention is, that it is competent for the legislature to take the possessory title to the land required for a street away from the land-owner, and vest it in the municipality, and indefinitely postpone the payment of the compensation for the land so condemned. But it appears to me very clear that the legislature of this state is not endowed with such a capacity as this. Such an act would be an infringement of that clause of the constitution which declares that private property shall not be taken for public use without just compensation. When the effect of the proceeding is to vest in the public the right of property in the land for the uses of a street, and the right of immediate possession, this, I think, constitutes a taking within the plain sense of this clause of the primary law, and this is what is obviously done by virtue of the procedure under consideration. Upon the ratification of this assessment of damages, the city acquired the legal power, at any time, to enter upon this land, and hold and use it for the purposes of a street; from the moment of such ratification the owner lost all capacity to put it to any permanent, productive use; the property at once became entirely unsalable, and even its rise in marketable value was of no consequence to any one; and in fact the owner remained in possession of the land only, as it were, a tenant by sufferance. To say that the public may acquire, by legal process, a legal and effective title to the land of a

citizen, and that such an act is not such a taking of land as is forbidden by this constitutional clause, would be an interpretation of such clause, which, as it seems to me, could be vindicated neither by its language nor spirit. In view of this provision, a taking of the title is a taking of the land. A reference to the authorities will show that this is the construction which has been given to constitutional enactments of this character. *Cooley on Con. Lim.* (3d ed.) 563; 2 *Dillon on Mun. Corp.* (2d ed.) 479.

The effect upon the present case of the above view of the force of this provision of the constitution is entirely to put aside the supplement of 1873, upon the assumption that it contains an indefinite restraint on the right which the previous legislation had given to the land-owner, to recover by suit the damages assessed to him upon the taking of his property. Regarding the act of ratification as the act of taking contemplated in the constitution, the compensation to the land-owner must be paid at that time, or provision must be made for its payment, or for its recovery within a reasonable time thereafter. Its payment cannot be postponed indeterminately, nor made to depend on the will, with respect to time, of the municipal authorities. Consequently, if it is the true meaning of this supplement that the land-owner is not to be paid for his damages until the city officials may choose to have the benefits done to his other lands estimated and such estimate ratified, that part of such supplement having such effect would be altogether void. But I do not think that the language of this act is so clear that it is necessary to put this interpretation upon it, and every intendment will be raised in favor of the opposite view. This law conveys to my mind the idea that there was no intent to procrastinate unreasonably the payment of the money awarded for damages. It is true that it says such damages shall not be payable until the assessment for benefits has been ratified by the common council, but it very evidently, I think, contemplates a proceeding reasonably expeditious to have such assessment for benefits made and confirmed. By holding that a reasonable time only is given the

city wherein to have the benefits assessed against the land-owner, this supplement will be constitutionally unobjection-able, because the time for the payment of the damages will not be exorbitantly lengthened. In case the city authorities neglect to cause the benefits to be ascertained within a reason-able time, the right of action will thereupon accrue to the land-owner to enforce payment for the damages awarded to him.

In the present case, it is clear that, by force of the rule thus declared, the right to bring this action was vested in the plaintiff when the summons was issued. His assessment of damages was ratified on the 5th of September, 1873, and the suit was not commenced until the 6th of February, 1877, and at that time no assessment for benefits had been made. The suit, therefore, was rightly brought.

But, notwithstanding this conclusion, it further seems to me that if an assessment for benefits should, in this or any other case, be made and ratified before the trial of the cause, such assessment for benefits could be set up at the trial as a defence, *pro tanto*, to the cause of action. In the brief of the counsel of the plaintiff, such claim by force of an assessment for benefits is looked upon as an offset, and many cases relating to that subject are cited for the purpose of showing that counter-demands cannot be set off in a suit at law, unless they existed at the inception of the suit. But these cases and this line of argument are aside of the point. An assessment for benefits is something more than a counter-claim; by force of the supplement of 1873, already recited, it is constituted into a payment, as far as it extends, of the claim for damages, and a payment, whether made before or after suit brought, can always be shown in reduction of the damages sought to be recovered. I can see no reason to doubt that, if the city can succeed in any case in obtaining a final adjustment of the amount that the land-owner may be indebted for the benefits conferred on his land by the making of the improvement, before the trial of the cause in a suit by such land-owner for damages, that the former claim may be presented as a pay-

ment, either in whole or in part, as the case may be, of the latter. As long as we admit the legislative right to authorize these assessments for benefits—a right that has always appeared to me to rest much more on settled precedents than on any discoverable principle of law—we must regard the amount thus ascertained as a debt due from the land-owner to the public, and upon that assumption there certainly can be no objection, on legal grounds, to the conversion, by legislative mandate, of such debt into a satisfaction of any claim that may be due from the public to such debtor. The adjustment is a just one, and I can perceive no objection against putting it into effect.

With respect to the claim for interest, in my opinion, the demand should prevail. The statute makes the compensation to be due to the owner of the land in six months after the ratification of the assessment of his damages. If no countervailing assessment for benefits is made within that period no reason appears why the compensation for damages should be withheld ; and if withheld without right, it is entirely consonant with the usual practice to add an increase to the claim by way of interest. If the land-owner, after the date of ratification, has made any beneficial use of the property condemned, it would seem proper that the value of such use should be taken into account in diminution of this interest claim, for it must be remembered the sum to be allowed for non-payment of the damage-money is not strictly interest, but damages for the detention of the money due, and what such damages should be is to be measured by the circumstances of the case.

It is believed that the foregoing views will serve as a guide to counsel in applying to the court for judgments in the several cases now before the court, and which are, in the main, dependent on the questions thus resolved.